### R. V. BROWN v. THE STATE.

No. 10790.   Delivered March 10, 1927.

Theft, a Felony—Evidence—Held Insufficient.

Where, on a trial for theft of property of over $50.00 in value, the state's articles identified by witnesses for the state amounted to less than $50.00, the conviction for a felony cannot be sustained.   See Roberts v. State, No. 10707, decided on January 26, 1927.

Appeal from the District Court of Wilbarger County.   Tried below before the Hon. Robert Cole, Judge.

Appeal from a conviction of theft of property over $50.00 in value, penalty two years in the penitentiary.

This is a companion case to the case of Roberts v. State, No. 10790, decided by this court on January 26, 1927.

*M. C. Culbertson* and *Storey & Leake* of Mt. Vernon, for appellant.   On failure to establish value of property, appellant cites: Ware v. State, 2 Tex. Crim. App. 547; Thompson v. State, 43 Texas, 268.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of theft of property over the value of $50.00, and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant was jointly indicted with W. L. Roberts, Harvey Russell and Wallace Cassidy for the theft of various articles of merchandise, of the aggregate value of $70.00, alleged to have been the personal property of and in the possession of E. M. Levy, who operated the "Clarence Saunders Store" in the town of Vernon at said time.   This is a companion case to that of Roberts v. State, No. 10707, decided by this court on January 26, 1927.

The appellant strenuously insists that the evidence is insuffi-

cient to sustain the verdict of guilty of felony theft, in that the articles of merchandise identified by the state's witnesses amounted to much less than $50.00. This court, speaking through Judge Hawkins in the Roberts case, supra, sustained the appellant's contention in that case under the same facts presented here. The law announced by this court in the Roberts case, supra, is peculiarly applicable to the instant case.

For the reasons above stated, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.